UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------- x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES

----------------------------------------------------- x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE
CONFLICT ID NUMBERS:

187235 (SEITZ BROS).

----------------------------------------------------- x

REPORT AND RECOMMENDATION OF SPECIAL MASTER

1:24-MC-03415-BMC-JAM

1:26-MC-03961-BMC-JAM

**Parties and Representatives**:

Emma K. Burton
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2974
eburton@crowell.com
Counsel for Optium Capital, LLC ("Optium")

Adam Brunet
Refund Recovery Services ("RRS")
60 S 6th St., Suite 2800
Minneapolis, MN 55402
(612) 491-6201
abrunet@refundrecoveryservices.com
Representative of RRS

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

## I. Background

Four parties have registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of Terminix International Co. L.P. ("Terminix"), which has a Taxpayer Identification Number ("TIN") ending in 8837.[1] The registrants are Terminix, RRS, Sandwich Isle Termite & Pest Control Inc., d/b/a Sandwich Isle Pest Solutions Inc. (TIN ending in 4219) ("Sandwich Isle"), and Financial Recovery Services. The latter two have withdrawn their registrations leaving Terminix and RRS as the only party to the instant dispute.[2] RRS is a third party claim filing service ("TPF") that entered into a claim filing agreement with Sandwich Isle in 2013.[3] Terminix acquired Sandwich Isle in 2016. In 2021, Terminix sold its *MDL 1720* claims, as well as those of all of its subsidiaries including Sandwich Isle, to Optium.

---

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class, a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. Where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

[2] Sandwich Isle appears to be a corporate affiliate of the merchant whose name appears above in the caption, Seitz Bros. Each holds itself out "to be a member of the Rentokil family of companies in North America." https://www.sandwichisle.com/about-us/ (visited Oct. 1, 2026); https://www.seitzbrothers.com/about-us/ (same). While the Class Administrator has associated the Seitz Bros name with the Conflict ID number for the instant conflict, that entity has no substantive involvement in the parties' dispute.

[3] A TPF is a business that enters into agreements with merchants to register and prosecute their claims of settlement funds in exchange for a portion of the merchants' recovery. *See MDL 1720*, 2014 WL 4966072, at *4 (E.D.N.Y. Oct. 3, 2014).

The record before me includes the following documents:

- Limited Power of Attorney In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation dated June 19, 2013, between RRS and Sandwich Isle (listing its TIN as ending in 4219)
- Claim Purchase Agreement dated February 1, 2021, between Optium 4, LLC as "Purchaser" and Terminix International Company Limited Partnership ("Terminix") as "Seller" and "any affiliated entity of Seller listed on Exhibit D" as "Affiliated Sellers" or, collectively with Terminix, as "Sellers" (the "2021 Terminix Sale Agreement")
- Exhibit D to the 2021 Terminix Sale Agreement (list of Affiliated Sellers including, on p. 3, Sandwich Isle, with the same TIN for all Affiliated Sellers ending in 8837;
- Class Administrator's Conflict Notice dated April 5, 2024;
- Letter dated July 28, 2025 from Optium to Special Master;
- Class Administrator's Special Master Review Notices dated July 29, 2025;
- Letter dated September 12, 2025 from Optium to Special Master;
- Letter dated September 17, 2025 from Optium to Special Master; and
- Emails dated October 15, 2024-September 15, 2025, among the registrants and their clients and representatives and the Class Administrator.

## II. Analysis

The instant conflict appears to arise in part from the fact that when RRS registered on behalf of Sandwich Isle, it registered the Terminix TIN ending in 8837 that became associated with Sandwich Isle after Terminix acquired it in 2016, rather than Sandwich Isle's own TIN ending in 4219. RRS had no reason to make that mistake, given that Sandwich Isle identified its TIN as the latter one in its 2013 agreement with RRS. Even if RRS had some basis to believe it could register on behalf of Sandwich Isle for payment card transactions that predated the 2016 acquisition – which it does not, as discussed below – that would not empower it to register Terminix's TIN, which is associated with the transactions of many more entities.

When Terminix acquired Sandwich Isle in 2016, Sandwich Isle's *MDL 1720* claim – as to both pre- and post-acquisition transactions – was presumably part of what it bought. To be clear, the 2016 acquisition agreement is not part of the record before me. And however unlikely it may be, it is of course possible that the 2016 acquisition agreement carved out Sandwich Isle's *MDL 1720* claim from the assets conveyed to Terminix. Neither Sandwich Isle nor RRS has suggested or proved that to be the case. To the contrary, Sandwich Isle affirmatively withdrew its registration and RRS has provided no evidence or argument in support of its registration notwithstanding multiple requests to do so from both Optium and the Class Administrator. Sandwich Isle's *MDL 1720* claim thus belonged to Terminix when it sold all of its *MDL 1720* claims – its own, and those of its affiliates (including Sandwich Isle), all associated with the Terminix TIN ending in 8837 – to Optium in 2021. Optium is thus the current owner of the *MDL 1720* claim at issue here; namely, the claim associated with the Terminix TIN ending in 8837.

As the claim owner, Optium unquestionably has the power to revoke any authority RRS ever had to act as its claim filing agent, regardless of the existence of any contract under which that revocation may constitute a breach. *See*, *e.g.*, *United Ins. Co. v. World Wide Web*, 2011 WL 1870599, at *2-3 (E.D.N.Y. Apr. 27, 2011) ("a principal has an inviolate right to revoke its agency at any time[;]" if "in doing so, the principal violates its obligations to the agent under their contract, the agent retains the legal recourse of bringing a breach of contract claim") (citing cases), *report and recommendation adopted* 2011 WL 1843280 (E.D.N.Y. May 16, 2011); Restatement (Third) Of Agency § 3.06 (2006).[4]

[4] The general rule does not apply when the agent's authority is a "power given as a security." *See*, *e.g.*, *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 95 F.3d 291, 300 (3d Cir. 1996). However, a merchant's claim filing agreement with a TPF does not create such a power; it creates no more than a revocable agency relationship. *See* Restatement (Third) Of Agency

In any event, RRS never had any such authority because neither Terminix nor its successor Optium ever appointed RRS as its claim filing agent. Nor does RRS have any continuing authority to act on behalf of Sandwich Isle as a registrant of the TIN ending in 8837. Sandwich Isle – the principal from whom RRS's authority to act as an agent derives – has explicitly withdrawn that registration. If Sandwich Isle does not wish to register whatever claim it may own (and it appears to own none, at least with respect to the TIN at issue here), RRS as its agent may not act contrary to that decision. I therefore respectfully recommend that the Court permit Optium, and not RRS, to register the Terminix TIN ending in 8837.

I do not discount the possibility that RRS may have some enforceable right against Sandwich Isle or some other party arising out of the 2013 claim filing agreement. But RRS must assert any such claim against whatever party is liable to it rather than as a direct claim for a portion of the settlement fund. RRS has not mentioned the possibility of any such lawsuit, and I do not address its merits here. Further, I would recommend against adjudicating any such claim within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *In re MDL 1720 Damages Class Settlement Disputes*, 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court to direct the Class Administrator to process Optium's registration of Terminix's TIN and withdraw RRS's.

---

§ 3.12, illus. 4 (2006) (patent filing agent who will receive a share of the profits does not hold a power given as security).

IV. Objections

This Report and Recommendation will be served on Optium and RRS and the Class Administrator will also promptly provide a copy to both. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03961-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: October 1, 2026

*/s/ James Orenstein*
Special Master